# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. 16-cv-1306 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FORESIGHT ENERGY SERVICES, LLC; FORESIGHT ENERGY, LLC; FORESIGHT ENERGY, LP; FORESIGHT ENERGY LABOR, LLC; HILLSBORO ENERGY, LLC; MACOUPIN ENERGY, LLC; MARYAN MINING, LLC; M-CLASS MINING, LLC; PATTON MINING, LLC; SUGAR CAMP ENERGY, LLC; VIKING MINE LLC; WILLIAMSON ENERGY, LLC | ) ) ) ) ) ) ) ) ) ) ) ) | COMPLAINT<br><br>JURY TRIAL DEMAND |
| Defendants. | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of female applicants for non-office jobs who were adversely affected by such practices. As stated more fully below, Foresight Energy Services LLC; Foresight Energy LLC; Foresight Energy, LP; Foresight Energy Labor, LLC; Hillsboro Energy, LLC; Maucopin Energy, LLC; MaRyan Mining, LLC; M-Class Mining, LLC; Patton Mining, LLC; Sugar Camp Energy, LLC; Viking Mine, LLC, and Williamson Energy, LLC ("Defendants") maintained a policy or practice of not hiring women for mining and related positions.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  Employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Southern District of Illinois, Benton Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3), 42 U.S.C. "§§ 2000e-5(f)(1) and (3).

4.  At all relevant times:

Defendant Foresight Energy Services, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the Cities of Johnston, Marion, Carlinville, Hillsboro, and Macedonia and has continuously had at least 15 employees.

Defendant Foresight Energy, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the Cities of Johnston, Marion, Carlinville, Hillsboro, and Macedonia has continuously had at least 15 employees.

Defendant Foresight Energy, LP, has continuously been a Delaware corporation doing business in the State of Illinois and the Cities of Johnston, Marion, Carlinville, Hillsboro, and Macedonia, and has continuously had at least 15 employees.

Defendant Foresight Energy Labor, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the Cities of Johnston, Marion, Carlinville, Hillsboro, and Macedonia, and has continuously had at least 15 employees.

Hillsboro Energy, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Hillsboro, and has continuously had at least 15 employees.

MaRyan Mining, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Carlinville and has continuously had at least 15 employees.

Maucopin Energy, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Carlinville, and has continuously had at least 15 employees.

M-Class Mining, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Macedonia, and has continuously had at least 15 employees.

Patton Mining, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Hillsboro, and has continuously had at least 15 employees.

Sugar Camp Energy, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Macedonia, and has continuously had at least 15 employees.

Viking Mining, LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Hillsboro, and has continuously had at least 15 employees.

Williamson Energy LLC, has continuously been a Delaware corporation doing business in the State of Illinois and the City of Johnston and the City of Marion, and has continuously had at least 15 employees.

5. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Commissioner Jenny R. Yang filed a charge with the Commission alleging violations of Title VII by Defendants.

7. On DATE, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Title VII was violated, and all conditions precedent to this lawsuit have been fulfilled.

8. Since at least on or about January 1, 2006, Defendants have engaged in a pattern or practice of unlawful employment practices at facilities including their Johnston City, Illinois facility, their Carlinville, Illinois facility (MaRyan), Benton, Illinois facility (M-Class), and their Hillsboro, Illinois facility (Patton) in continuing violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include, but are not limited to failing or refusing to hire females into mining and related (non-office) positions because of their sex.

9. The effect of the practice complained of in paragraph 8 above has been to deprive a class of female applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their sex.

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

4

11. The unlawful employment practices complained of in paragraph 8 above were and are done with malice or with reckless indifference to the federally protected rights of a class of female applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination in hiring.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for a class of female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole a class of female applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful place hiring, or award of front pay and/or future lost earnings in lieu thereof, of a class of female applicants.

D. Order Defendants to make whole a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including relocation expenses, job search expenses, and medical expenses which would have been paid by Defendants' employee benefit plan, if any, in amounts to be determined at trial.

E. Order Defendants to make whole a class of female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraph eight (8) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendants to pay a class of female applicants punitive damages for its malicious and reckless conduct described in paragraph eight (8) above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    David Lopez
    General Counsel

    Jerome Scanlan
    Associate General Counsel

    Equal Employment Opportunity Commission
    131 M Street, NE
    Washington, DC 20507


    s/ John C. Hendrickson (with consent)
    John C. Hendrickson
    Regional Attorney

    s/ Gregory Gochanour (with consent)
    Gregory Gochanour
    Supervisory Trial Attorney

    s/ Ethan M. M. Cohen
    Ethan M. M. Cohen
    Deborah Hamilton
    Ann Henry
    Trial Attorneys


Ethan M. M. Cohen
A.R.D.C. No. 6206781
EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
500 W. Madison, Room 2000
Chicago, Illinois 60661
(312) 869-8104
ethan.cohen@eeoc.gov