IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 16-CV-1306 ) |
| v. | ) ) |
| FORESIGHT ENERGY SERVICES, LLC; FORESIGHT ENERGY, LLC; FORESIGHT ENERGY, LP; FORESIGHT ENERGY LABOR, LLC; HILLSBORO ENERGY, LLC; MACOUPIN ENERGY, LLC; MARYAN MINING, LLC; M-CLASS MINING, LLC; PATTON MINING, LLC; SUGAR CAMP ENERGY, LLC; VIKING MINE LLC; WILLIAMSON ENERGY, LLC, | ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

For their Answer to Plaintiff's Complaint ("Complaint"), Defendants Foresight Energy Services, LLC, Foresight Energy, LLC, Foresight Energy, LP, Foresight Energy Labor, LLC, Hillsboro Energy, LLC, Macoupin Energy, LLC, Maryan Mining, LLC, M-Class Mining, LLC, Patton Mining, LLC, Sugar Camp Energy, LLC, Viking Mine LLC, Williamson Energy, LLC ("Defendants") state as follows:

## JURISDICTION AND VENUE

1.  Defendants deny violating either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* or Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but nevertheless admit that this Court has jurisdiction over this action. Defendants deny each and

every remaining allegation of fact and conclusion of law, if any, set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny engaging in any unlawful employment practices but nevertheless admit venue is proper. Defendants deny each and every remaining allegation of fact and conclusion of law, if any, set forth in paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Defendants admit the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit they are Delaware Limited Liability Corporations with the exception of Foresight Energy, LP, which is a Limited Partnership. Defendants admit that they conduct business in the State of Illinois as well as in the cities of Johnston and Marion, Illinois. Defendants deny each and every remaining allegation of fact or conclusions of law, if any, set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations set forth in paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

6. Defendants admit that a Commissioner Charge was filed more than thirty days prior to the institution of this lawsuit alleging violations of Title VII but deny engaging in any unlawful employment practices and therefore deny each and every remaining allegation of fact and conclusion of law set forth in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit Letters of Determination were issued to them but deny engaging in any unlawful employment practices and therefore deny each and every allegation of fact and conclusion of law set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny engaging in any unlawful employment practices and therefore deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny engaging in any unlawful employment practices and therefore deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.    Defendants deny engaging in any unlawful employment practices and therefore deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.    Defendants deny engaging in any unlawful employment practices and therefore deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

Defendants deny that Plaintiff is entitled to any relief requested in the "Wherefore" clause, including subparts (a) – (h), on pages 6-7 of the Complaint, and deny that Plaintiff is entitled to any other legal relief.

Defendants deny each and every allegation in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.     Further answering, except as noted herein, Defendants deny each and every allegation contained in Plaintiff's Complaint.

2.     Further answering, Defendants assert that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

3.     Further answering, Defendants state Plaintiff's Complaint must be dismissed because Plaintiff failed to fulfill all conditions precedent before filing suit.

4.     Further answering, Defendants assert that Plaintiff's Complaint must be dismissed because any actions taken by Defendants were based on lawful factors and all such actions were for lawful and proper reasons.

5. Further answering, Defendants deny that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused damage or injury to any female applicant.

6. Further answering, Defendants assert that any unlawful conduct allegedly engaged in by its employees, supervisory or otherwise, which Defendants deny, was outside the scope of their employment and was contrary to Defendants' efforts to comply with any and all applicable laws, including but not limited to Title VII.

7. Further answering, Defendants assert that Plaintiff's claims are barred for failure to properly and/or timely exhaust administrative remedies.

8. Further answering, Defendants state that Plaintiff's prayer for damages is barred to the extent any female applicant has failed to use reasonable means to mitigate their alleged losses and damages complained of in Plaintiff's Complaint.

9. Further answering, Defendants assert that any damages claimed by any female applicant must be reduced to the extent they have, in fact, earned amounts in mitigation of their damages.

10. Further answering, Defendants assert that their actions toward any female applicant were taken in good faith, and that they did not act intentionally or willfully.

11. Further answering, Defendants assert that Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and unclean hands.

12. Further answering, Defendants assert that the claims of any female applicant may be barred, in whole or in part, by the after-acquired evidence doctrine.

13. Further answering, Defendants assert that Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

14. Further answering, to the extent that the Complaint should be construed as seeking punitive damages, it violates Defendants' right to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution and pertinent provisions of the Constitution of the State of Illinois, and it violates Defendants' right to substantive and procedural due process provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Illinois.

15. Further answering, to the extent that punitive damages are sought in this action, Defendants cannot be held liable for any such punitive damages because any unlawful actions or decisions of its managerial agents or officers would be contrary to Defendants' policy and its good faith efforts to comply with applicable laws, and same would therefore be outside the scope of their authority.

16. Further answering, to the extent that punitive damages are sought in this action, Defendants assert that, in the absence of clear and convincing evidence of ill will, spite, malice and willful and wanton conduct, any award of punitive damages would violate the United States Constitution and the Constitution of the State of Illinois.

17. Further answering, Defendants assert that Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent the allegations contained in Plaintiff's Complaint exceed the scope of the underlying charge of discrimination and/or female applicants failed to timely and properly file charges themselves.

18. Further answering, Defendants expressly reserve the right to assert any additional defenses that become known during discovery.

WHEREAS, having fully answered Plaintiff's Complaint, Defendants pray that this Court dismiss Plaintiff's Complaint and provide such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

*/s/ Sarah J. Kuehnel*
R. Lance Witcher, #6279646
Sarah J. Kuehnel, # 6301817
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
(314) 802-3935
(314) 802-3936 (FAX)
lance.witcher@ogletreedeakins.com
sarah.kuehnel@ogletreedeakins.com

Attorneys for Defendants Foresight Energy Services, LLC, Foresight Energy, LLC, Foresight Energy, LP, Foresight Energy Labor, LLC, Hillsboro Energy, LLC, Macoupin Energy, LLC, Maryan Mining, LLC, M-Class Mining, LLC, Patton Mining, LLC, Sugar Camp Energy, LLC, Viking Mine LLC, Williamson Energy, LLC

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing was sent via the Court's electronic filing system on this 6th day of December, 2016 to the following:

>Ethan M. M. Cohen
>Equal Employment Opportunity Commission
>500 W. Madison, Room 2000
>Chicago, IL 60661
>Ethan.cohen@eeoc.gov

>*/s/ Sarah J. Kuehnel*

27760639.1