## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 11-cv-00879-JPG-RJD |
| MACH MINING, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-cv-01306-JPG-RJD |
| FORESIGHT ENERGY SERVICES LLC, WILLIAMSON ENERGY, LLC, FORESIGHT ENERGY LLC, SUGAR CAMP COAL LLC/BIG RIDGE, PATTON MINING LLC, M-CLASS MINING LLC, HILLSBORO ENERGY LLC, FORESIGHT ENERGY LP, FORESIGHT ENERGY LABOR LLC, MACOUPIN ENERGY LLC, MARYAN MINING LLC, and VIKING MINE LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CONSENT DECREE

### THE LITIGATION

1.     On September 27, 2011, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed Case No. 11-cv-00879 alleging that Defendant Mach Mining, LLC ("Mach") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e

1

*et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by engaging in the following practices:

    a.    Since at least January 1, 2006, failing to hire females into mining and related (non-office) positions at its Mach Mining facility because of their sex; and

    b.    Utilizing hiring practices that cause a disparate impact on the basis of sex, including, but not limited to, hiring only applicants who are referred by a current employee.

2.    On December 5, 2016, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed *EEOC v. Foresight Energy Services LLC, et al.*, Case No. 16-cv-1306 (S.D. Ill.) alleging that Defendants Foresight Energy Services LLC, Foresight Energy LLC, Foresight Energy LP, Foresight Energy Labor LLC, Hillsboro Energy LLC, Macoupin Energy LLC, MaRyan Mining LLC, M-Class Mining LLC, Patton Mining LLC, Sugar Camp Energy LLC, Viking Mine LLC, and Williamson Energy LLC, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by engaging in the following practices:

    a.    Since at least January 1, 2006, failing to hire females into mining and related (non-office) positions at its Mach # 1 Mine, Shay #1 Mine, Deer Run Mine, MC #1 and Viking Mine because of their sex; and

    b.    Utilizing hiring practices that cause a disparate impact on the basis of sex, including, but not limited to, hiring only applicants who are referred by a current employee at the Foresight mines.

3.    In the interest of resolving these matters, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that these consolidated actions should be finally resolved by entry of this Consent Decree (hereafter "Decree"). The EEOC will not use Charge Nos. 440-2015-00017, 474-2014-629, 474-2014-630, 440-2012-04596, and 474-2014-749 as the jurisdictional basis for filing a lawsuit or lawsuits against the Defendants. The

Charging Parties for these charges will be given the opportunity to participate in the Claims Procedure described herein.

4.      This Consent Decree shall not constitute either an adjudication or finding on the merits of the complaint and shall not be construed as an admission by Defendants of any violation of Title VII.

## DEFINITIONS

5.      **Covered Mine(s)**: For purposes of this Decree, the Covered Mines include the following, and any successors and assigns of the following:

> a.  The Deer Run Mine, which has temporarily ceased operations, but has been operated by Patton Mining LLC;
>
> b.  The Shay # 1 Mine, currently operated by MaRyan Mining LLC;
>
> c.  MC #1 Mine, currently operated by M-Class Mining LLC;
>
> d.  Viking Mine, currently operated by Viking Mine LLC;
>
> e.  Mach # 1 Mine (also known as Pond Creek No 1 Mine), currently operated by Mach Mining LLC.

6.      **Defendants** refer collectively to each defendant listed individually in Paragraphs 1 and 2 above, and to any successors and assigns of the listed entities.

7.      **Mining Position** shall be defined as MSHA defines the term in 30 CFR § 46.2 (g) & (h):

> (g)(i) Any person, including any operator or supervisor, who works at a mine and who is engaged in mining operations. This definition includes independent contractors and employees of independent contractors who are engaged in mining operations; and (ii) Any construction worker who is exposed to hazards of mining operations. (2) The definition of "miner" does not include scientific workers;[1] delivery workers; customers (including commercial over-the-road truck drivers); vendors; or visitors.

---

[1] Scientific worker does not include surveyors or engineers, and both positions are considered Mining Positions as defined in this paragraph.

This definition also does not include maintenance or service workers who do not work at a mine site for frequent or extended periods.

(h) *Mining operations* means mine development, drilling, blasting, extraction, milling, crushing, screening, or sizing of minerals at a mine; maintenance and repair of mining equipment; and associated haulage of materials within the mine from these activities.

"Mining Position" shall also include warehouse positions located at the mine site.

8. **Best Efforts** means implementing and adequately funding a plan reasonably designed to comply with all of the specific objectives of the Consent Decree. The failure to achieve Hiring Goals is not in and of itself dispositive evidence of failure to use Best Efforts.

9. **Eligible Claimant**: For purposes of this decree, an Eligible Claimant is a woman who (a) applied for a Mining Position at a Covered Mine and was not hired; or who EEOC determines in its sole discretion attempted to apply at a Covered Mine for a Mining Position but whose application was not accepted by the Covered Mine; or who EEOC determines in its sole discretion was deterred from applying for a Mining Position at a Covered Mine because of Defendants' discriminatory hiring practices; and (b) submitted a timely Claim Form as required by Paragraph 17(d) below.

## FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court has jurisdiction of the subject matter of these actions and of the parties.

b. Any entity that currently owns, leases or operates any mining operation at a Covered Mine (a "Current Necessary Party") acknowledges that a) it has been provided with the Decree; and b) that it is bound by the Decree and agrees to the Court's jurisdiction.

4

    c.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendants, the Charging Parties, the claimants, and the public interest are adequately protected by this Decree.

    d.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, the claimants, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

11.    Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any employment practice made unlawful by Title VII that discriminates on the basis of sex in hiring, promotion, or transfer and/or that constitutes harassment on the basis of sex.

12.    Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII,  asserted any rights under this Decree, or benefitted from the relief provided by this Decree.

## CHANGING FACILITIES

13.    Defendants shall provide and maintain changing, showering, and restroom facilities for female employees at all Covered Mines for the duration of the Decree.

## EEO-1 REPORTING

14.     Each Defendant that employs 100 or more employees (any individual whose hours must be reported to MSHA pursuant to 30 C.F.R. Part 50 or MSHA form 7000-2 shall be considered an employee for purposes of this paragraph), including each Covered Mine, shall file EEO-1 reports as required by 29 C.F.R. §§ 1602.7-1602.11.

## MONETARY RELIEF

15.     Defendants shall pay the gross aggregate sum of $4,250,000 as follows: a) $2,700,000.00 to resolve *EEOC v. Foresight Energy Services, LLC, et al.*, and b) $1,550,000.00 to resolve *EEOC v. Mach Mining, LLC,* to be distributed among the Eligible Claimants, as provided in the following paragraph.

16.     Within thirty (30) days of the entry of this Decree, Defendants shall cause to be established a Settlement Fund ("Settlement Fund") in the amount of $4,250,000.00 to be distributed to the Eligible Claimants as provided in Paragraphs 9 & 17 of this Decree.  As discussed in Paragraph 17, below, the Claims Administrator shall have authority to issue checks from the Settlement Fund account to all Eligible Claimants.  EEOC shall have the sole authority to determine the class of individuals who are Eligible Claimants and the amount of monetary payments they shall receive.

## CLAIMS PROCEDURE

17.     Within seven (7) days of the entry of the Decree, EEOC shall select a Claims Administrator who shall: (1) mail notices and forms related to settlement, claims forms and claims notices; (2) receive claims forms; (3) transmit notification of monetary awards; (4) issue checks to Eligible Claimants from the Settlement Fund; (5) issue related tax documents; and (6) perform such other administrative tasks as it may deem necessary to facilitate the claims process.

All expenses, fees, and costs of the Claims Administrator shall be paid by Defendants.

a.    **Identification of Claimants.**  Within thirty (30) days of entry of the Decree, Defendants shall transmit to the EEOC and the Claims Administrator a computer-readable list ("Applicant List") containing the full names, social security numbers (if known), and last known address for all known applicants at each Covered Mine from January 2005 to the present ("Potential Claimants").  Defendants shall ensure that the list does not contain duplicate applicants but shall indicate the date on which the application was received (if known) and shall indicate if the applicant applied more than once (if known) or at more than one of the Covered Mines (if known).  The submission of this list shall be provided by defense counsel and verified by Defendants.

b.    **Failure to Provide Full and Complete Data.** Should for any reason Defendants fail to provide the Applicant List as required under Paragraph 17(a), the duration of the Decree and all deadlines provided in Paragraph 17 of this Decree shall automatically be elongated for the amount of time it takes for Defendants to cure any and all such deficiencies in the production.

c.    **Mailing of Claim Packages.**  Within fourteen (14) days after receiving the Applicant List, the Claims Administrator shall mail, via United States Mail, return receipt, a cover letter from EEOC containing notice of the settlement, an explanation of the claims procedure, and a claim form ("Claim Package"), to all individuals on the list provided by Defendants pursuant to Paragraph 17(a-b) and to any other individuals identified by the EEOC as Eligible Claimants.  Claim Packages are intended for female applicants only.   Since previously Defendants have not kept track of applicants by gender, prior to the Claims Administrator mailing Claim Packages to all potential claimants, EEOC shall endeavor to limit the number of Claim Packages that are sent to male applicants.  Defendants will not challenge EEOC's methodology for attempting to limit the number of Claim Packages that are sent to male applicants.

d.    **Submission of Claim Forms.**  Potential Claimants who seek to recover monetary compensation must complete a Claim Form and cause it to be received by the Claims Administrator within forty five (45) days after the Claims Administrator receives the Applicant List. The Claim Form must be received by the Claims Administrator on or before such date in order to be considered.  Any person whose Claim Form is not actually received by the Claims Administrator within forty five (45) days after the Claims Administrator receives the Applicant List shall be forever barred from receiving any relief under this Decree or in connection with this action.  Within forty five (45) days after the Claims Administrator receives the

7

Applicant List, the Claims Administrator shall provide EEOC with the electronic copies of all timely received Claim Forms.

e.      **Confidentiality of Claim Forms**.  Claim Forms received by the Claims Administrator and EEOC shall be treated as confidential and shall not be disclosed to Defendants or any other person or entity, except that such Claim Forms may be submitted confidentially to the Court if requested by the Court.

f.      **Late Claims**.  For claims received after the filing deadline, the Claims Administrator shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

g.      **Determination of Claims**.  No later than thirty (30) days after the deadline for submitting Claim Forms, EEOC shall make a determination ("Determination of Claims") as to whether the individuals who filed timely claims are eligible to receive monetary awards.  This Determination is not subject to review or consent by Defendants.

h.      **Allocation of Monetary Relief**. EEOC shall, in its sole discretion, allocate relief based on relevant factors, including, but not limited to, a claimant's qualifications, job history (likelihood of hire into a Mining Position in the absence of discrimination), demonstrated interest in mining, and level of participation in the litigation.

i.      **Notification of Awards**. Within ten (10) days of the EEOC's Determination of Claims, EEOC shall cause the Claims Administrator to notify ("Notification of Award") each Eligible Claimant via U.S. First Class Mail of the amount of her monetary award.

j.      **Release of Claims**. Along with the Notification of Award, the Claims Administrator shall mail to each Eligible Claimant a Release (a copy of which is attached hereto as Exhibit A).  Each Eligible Claimant will be notified that in order to receive monetary payments under this Decree, she must execute and deliver to the Claims Administrator a Release.  The letter will inform each Eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is actually received by the Claims Administrator within thirty (30) days of the mailing of the Notification of Award.  Any Eligible Claimant whose executed Release is not actually received by the Claims Administrator within thirty (30) days of the mailing of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree.  The Claims Administrator shall provide all original signed Releases to Defendants.

k.      **Untimely or Unreturned Releases**.  In the event that any Eligible Claimant's executed Release is not actually received by the Claims

8

Administrator within thirty (30) days of the mailing of the Notification Award, her share of the Settlement Fund shall remain in the Fund account and shall constitute a "Redress Fund." EEOC may direct the Claims Administrator to make payments to any Claimant who has demonstrated to the EEOC either that she should not have been excluded from receipt of Settlement Funds, or that EEOC's calculation of her award was incorrect. EEOC shall exercise its discretion to determine whether any Claimant should receive payment from the Redress Fund. If any money in the Redress Fund remains undistributed at the end of the claims process, such money shall be paid to the *cy pres* as described in subparagraph n, below. In no event shall there be any reversion of any part of the settlement funds to Defendants

l.      **Distribution of Settlement Fund.** The Claims Administrator shall issue checks to each Eligible Claimant within twenty-one (21) days of the date by which all releases must be received by the Claims Administrator.

m.      **Tax Treatment of Monetary Awards.** Fifty percent of the amounts distributed from the Settlement Fund to Eligible Claimants shall constitute "compensatory damages," under the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Fifty-percent shall constitute back pay from which the employee's share of payroll taxes shall be withheld. The Defendants shall be responsible for paying the employer's share of payroll taxes. Such payments shall not be made from or constitute any portion of the Settlement Fund. The Claims Administrator will issue applicable forms W-2 and 1099 in January 2018, reflecting the payments made to each claimant from the Settlement Fund.

n.      **Returned or Uncashed Checks.** The Claims Administrator shall promptly notify EEOC in writing of any checks that are returned or are not cashed after a period of ninety (90) days has elapsed from the date on which the settlement checks were mailed. In the event that any Eligible Claimant's check is undeliverable or uncashed, and the EEOC determines that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall receive no payments under the Decree. In the event that any portion of the Settlement Fund has been allocated to a missing Eligible Claimant, and therefore cannot be distributed to the claimants, one hundred and fifty (150) days after the checks were originally mailed, the balance of the Settlement Fund shall be designated in the discretion of the EEOC as either a Redress Fund in accord with Paragraph 18(k) or as a *cy pres* fund to be distributed to Lewis and Clark Community College. Any interest that accrues on the Settlement Fund and that is not distributed to Eligible Claimants will be distributed to Lewis and Clark Community College as part of the *cy pres* fund. In no event shall there be any reversion of any part of the Settlement Fund to Defendants.

9

o.   **Costs**. All costs associated with the distribution of the Settlement Fund to Eligible Claimants shall be paid by Defendants, including without limitation, all postage costs related to the issuance and mailing of checks from the Settlement Fund and all costs associated with stopping payment on checks. Such costs shall not be paid out of the Settlement Fund.

## HIRING RELIEF

18.     To ameliorate past conduct alleged by EEOC, Defendants agree to use Best Efforts as defined in Paragraph 8 above to meet the "Hiring Goal" listed below for women in Mining Positions (as defined in Paragraph 7 above) at each of the Covered Mines.   Until the Hiring Goal is met, Defendants shall, with respect to surface Mining Positions, offer a position to a female applicant for one (1) of every three (3) New  Positions, and with respect to underground Mining Positions, offer a position to a female applicant for one (1) of every three (3)  New Positions. The Hiring Goals are:

a.   Mach #1/Pond Creek Mine (currently operated by Mach Mining):  11

b.   Shay #1 Mine (currently operated by MaRyan): 4

c.   Deer Run Mine (currently operated by Patton Mining): 5[2]

d.   MC#1 (currently operated by M-Class) and Viking Mine (currently operated by Viking Mine): 14[3]

"New Position" shall be limited to the Mining Positions as defined in Paragraph 7, above.

"New Position" for purposes of this section shall include:

- full-time and part-time jobs whether paid by Defendants or a staffing agency, whether temporary or permanent;

---

[2] Evidence that the mine is not operational and that a new mine has not been opened on the same coal seam will constitute evidence of Best Efforts to meet the hiring goal in accord with Paragraph 8.

[3] These hiring goals were determined based on an analysis of the applicant flow data from one of the Covered Mines, which indicated the percentage of women available and interested in Mining Positions and expected to be reflected in the workforce absent discrimination.

- any promotion from one position to another;

- hiring an individual who was previously employed by another Covered Mine;

- any transfers from temporary to permanent status for individuals hired as temporary employees after the entry of this Consent Decree, if the temporary position was not counted as a New Position.

"New position" shall not include:

- the transition of an employee from "Red Hat" to "Black Hat" status;

- the transition from being an employee of a Staffing Agency to being employed by a Defendant;

- the transition from a temporary employee to permanent employee if the temporary position was counted as a New Position and the same individual fills both roles;

- the isolated transfer or sharing of an employee from one Covered Mine to another so long as the employee being transferred is not replaced at the transferring mine;

- the transfer of an employee from one job title to another if such transfer does not constitute a promotion or bring an increase in the rate of pay;

- any employees of any independent contractors, other than   third-party staffing agencies; or

- short-term positions defined as individuals hired on a temporary or emergency basis for less than one (1) month.

19.     Defendants, relying solely upon the objective criteria for the job so long as those criteria do not have a disparate impact that is not justified by business necessity and for which there is not a legitimate non-discriminatory alternative, shall determine whether a female applicant is qualified.  Defendants shall not rely on subjective criteria. Defendants shall identify the objective criteria for any job filled by any person who is not currently performing the job and provide them to EEOC as part of Defendants' report to EEOC as described in Paragraph 35. To the extent the objective criteria changes from time to time, Defendants shall provide that objective criteria to EEOC as well.

11

20.     EEOC will provide Defendants with an initial list of women interested in Mining Positions at each of the Covered Mines within twenty-one (21) days of the entry of this Decree including any woman who has been identified as a claimant in this litigation and who informs the EEOC within that time-period that she wants to be considered for employment with Defendants in a Mining Position.  EEOC will provide Defendants with a supplemental list of interested women within one hundred and twenty days (120) of the entry of this Decree. With respect to female applicants, Defendants shall maintain their applications, and screen and interview them, in the same manner as they do for male applicants.  If Defendants, despite their Best Efforts, cannot identify a qualified female applicant within three (3) business days and business necessity requires filling the New Position within that timeframe, or an identified female applicant declines a Defendant's offer of employment, Defendants may offer the position to a qualified male applicant without violating the Hiring Goals.

In order to fulfill their obligation to use Best Efforts to meet the "Hiring Goal" at each Covered Mine, Defendants will have discretion to select among qualified female applicants subject to the following "claimant hiring preference." If there is a qualified female applicant who was a claimant in this litigation, Defendants will offer a job to that qualified female claimant before offering it to another qualified female applicant who was not a claimant.  If there is more than one qualified female claimant, Defendants will have the discretion to select among these women.  If a qualified female claimant refuses a Mining Position in a location less than forty-five (45) miles from her home, she will lose her "claimant hiring preference" unless the position that she rejected is one for which she is over-qualified.[4]

---

[4] A claimant who is an experienced underground miner could, for example, reject an offer of a Red Hat or warehouse position without forfeiting her entitlement to the claimant hiring preference.

21.     With respect to each Covered Mine, once the Hiring Goal identified in Paragraph 18 has been reached, the Covered Mine shall use its Best Efforts to maintain that number of female employees at the Covered Mine for the three (3) year duration of the Decree. The period of the Decree is approximately the average tenure of an employee in a Mining Position in the Covered Mines. To comply with this Paragraph, Defendants are not required to maintain the employment of particular female employees for the Duration of the Decree.

22.     For the duration of the Decree, Defendants will fill a single one of the positions that make up the Hiring Goal set out in Paragraph 18 by hiring a consultant of their choice who will advise the Defendants on strategies and policies to identify and successfully integrate female mining employees at the Covered Mines (the "Female Hiring Consultant").   Defendants will have discretion as to where this consultant is located and with which Covered Mine's Hiring Goal this consultant is included but the Female Hiring Consultant will not be included in the Hiring Goal of more than one Covered Mine.   Regardless of location and with which mine's Hiring Goal, the Female Hiring Consultant is included, the Female Hiring Consultant will work with the Defendants on their policies and practices at each of the Covered Mines.

### RECRUITING

23.     To ensure that qualified female applicants are aware of open Mining Positions (as defined above), within fifteen (15) business days of entry of the Decree, Defendants shall provide to John A. Logan College, Southeastern Illinois College, Girard Training Center, Prairie State Training Center, Rend Lake College, Wabash Valley College and any other local educational institution from which Defendants have recruited applicants or employees, a written notice that states that Defendants are equal opportunity employers and that the educational

institution should encourage students of either sex enrolled in mining training classes to apply for employment with Defendants.

24.     Within thirty (30) calendar days of entry of the Decree, Defendants shall certify in writing to the EEOC that the written notices required in Paragraph 23 above have been provided and shall identify the local educational institutions to which the notices have been provided.

25.     Annually, for the duration of the Decree, Defendants shall inform John A. Logan College, Southeastern Illinois College, Girard Training Center, Prairie State Training Center, Rend Lake College, Wabash Valley College and any other local educational institution from which Defendants have recruited applicants or employees of open Mining Positions.

26.     So long as there are open positions, at least quarterly for the duration of the Decree, Defendants shall advertise open Mining Positions in local general interest publications as determined by Defendants.

### COMMUNICATION TO THIRD-PARTY TEMPORARY EMPLOYMENT OR STAFFING AGENCIES

27.     Within fifteen (15) business days of Entry of the Decree, Defendants will communicate in writing (as provided in Exhibit C) to all non-party employment agencies that have provided any personnel to work in Mining Positions at any time during the past two (2) years that Defendants have entered into a Consent Decree barring them from engaging in discrimination on the basis of sex in hiring, that female applicants for Mining Positions are welcome and should be referred in the same manner as male applicants, and that female applicants will be considered for employment.

28.     If during the period of the Decree, Defendants engage the services of any new staffing agency, they shall provide that staffing agency with the communication referenced in the preceding paragraph.

29.     Within thirty (30) calendar days of entry of the Decree, Defendants shall certify in writing to EEOC that the communication referred to in Paragraph 27 above has been provided to the required non-party employment agencies and shall identify the non-party employment agencies to which the communications were provided.

30.     The decision whether to use staffing agencies for hiring for Mining Positions remains the Defendants.  But the use by Defendants of such agencies (including the data such agencies collect regarding applicant flow) shall not in any way relieve, reduce or otherwise affect Defendants' obligations with respect to meeting the Hiring Goals or any other obligation under this Decree nor be relied upon in any way for not meeting the Hiring Goals or using Best Efforts.

## POSTING OF NOTICE

31.     Within twenty-one (21) calendar days after entry of this Decree, Defendants shall post at all of its facilities, same-sized copies of the Notice attached as Exhibit B to this Decree on bulletin boards usually used for communicating with all employees.  The Notice shall remain posted for three (3) years from the date of entry of this Decree.

32.     Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendants shall certify to EEOC in writing within twenty-one (21) calendar days after entry of this Decree that the Notices have been properly posted.  Defendants shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours.

15

## RECORD KEEPING

33.     For the duration of the Decree, Defendants shall maintain and make available for inspection and copying by the EEOC the following records:

    a.     All applications for employment;

    b.     To the extent created, all notes of interviews with an applicant for or regarding Mining Positions, notes of other contact with an applicant, and notes of attempts to contact an applicant;

    c.     All applicant voluntary self-identification forms;

    d.     To the extent created or made in writing, all communications with employment agencies and mining contractors related to hiring by Defendants for Mining Positions, Defendants referring applicants to employment agencies, or requests by Defendants to employment agencies for personnel for Mining Positions;

    e.     A database containing for each applicant: name, sex (if provided by the applicant via voluntary self-identification), social security number, address, telephone number, date of application, position applied for, interview date (if any), date of offer (if any), position offered (if any), whether an offer was accepted or rejected (if applicable), whether the applicant was referred by a staffing agency and which agency, and start date;

    f.     A database containing for each employee: name, employee number, sex, social security number, address, telephone number, date of hire, temporary or permanent status, rate of pay, whether the employee was placed by a staffing agency and which agency, position(s) held, dates positions held, termination date, and reason for termination;

    g.     Documents related to the termination of any female employee who is hired for a Mining Position by the Defendants and whose employment ceases whether at her request or at the request of the employer;

    h.     Non-privileged documents related to each complaint of sex discrimination or harassment made by any applicant or employee;

    i.     Non-privileged documents related to each complaint of retaliation for complaining about sex discrimination or harassment, or for benefiting from relief provided by this Decree, made by any applicant or employee; and

16

j.      Documents related to Defendants' recruiting efforts for Mining Positions.

34.      Defendants shall make all documents or records referred to in Paragraph 33 available for inspection and copying within ten (10) business days after the EEOC so requests. EEOC shall endeavor to consolidate all requests in any reporting period. Defendants shall cooperate with EEOC for purposes of verifying compliance with this Decree.

## REPORTING

35.      Defendants shall provide written Reports to the EEOC regarding Defendants' compliance as follows: every four (4) months during the first two years of the Decree; six (6) months following the beginning of the final year of the Decree; and the final report one (1) month prior to the end of the Decree.  Defendants' Reports shall include information regarding the following:

a.      The total number of persons, including subtotals by sex, who were hired into Mining Positions at each Covered Mine during the reporting period broken down by Surface Mining Positions and Underground Mining Positions and showing the source of the hire (i.e. via a staffing agency or via a direct application to a Covered Mine);

b.      A database containing for each employee: name, employee number, sex, social security number, address, telephone number, date of hire, temporary or permanent status, rate of pay, whether the employee was placed by a staffing agency and which agency, position(s) held, dates positions held, termination date, and reason for termination;

c.      A report showing any changes in job title or status that are not included as New Positions as that term is defined in Paragraph 18 including those categories that are specifically defined as not being included as New Positions in Paragraph 18;

d.      An explanation for the termination of any female employee who was hired for a Mining Position by the Defendants and whose employment ceases whether at her request or at the request of the employer;

e.      A description of all complaints or reports, oral or written, of sex discrimination, harassment, or retaliation and what actions, if any, Defendant(s) took to resolve the matter. Defendants shall provide the date the complaint was made, the name

of the complainant, a summary of the allegations of the complaint, and what actions Defendants took, if any, to resolve the matter;

f.      A description of each Covered Mine's recruiting efforts during the Reporting Period, including certification that the required statements of equal employment opportunity were made to employment agencies used by the Defendants during the preceding reporting period;

g.      A certification that Defendants have maintained changing facilities as required by this Decree and a description of any alterations in such facilities made during the reporting period;

h.      The job descriptions used as the basis for making hiring decisions as required in Paragraph 19;

i.      If Defendants have not been able to meet the Hiring Goal contained in Paragraph 18, Defendants will provide a written description of the effort they utilized and any documents regarding those efforts; and

j.      A certification that the required Notices remain posted as required by Paragraph 31.

36.     Information provided to the EEOC under this Section or otherwise provided pursuant to this Consent Decree shall be deemed Confidential pursuant to the Protective Order previously entered in this matter, Docket No. 8.  Such information, however, can be filed in Court in any action brought pursuant to this Consent Decree in accordance with the Protective Order.

## POLICIES AGAINST DISCRIMINATION

37.     Within sixty (60) days of the date of the entry of this Decree, Defendants shall provide copies of their policies against discrimination and retaliation to the EEOC.  Prior to providing them, Defendants shall review their policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at minimum, the following:

a.      A prohibition against sex discrimination, including examples of actions that are prohibited;

b.   A prohibition against sexual harassment, including a definition of sexual harassment and examples of behavior that could be considered sexual harassment;

c.   A provision that employees who complain of sex discrimination, sexual harassment or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination;

d.   A provision that employees can complain of sex discrimination, sexual harassment, or retaliation to any person in the chain of command above the employee, directly to any human resources personnel, or the Company's Code of Business Conduct and Ethics hotline, and that such complaints will be reported to the EEOC as set forth in Paragraph 35;

e.   A provision that employees are not required to complain of sex discrimination, harassment, or retaliation to a person against whom they allege discrimination, harassment, or retaliation;

f.   A provision that an employee found to have engaged in sex discrimination or harassment, will be subject to discipline, up to and including termination;

g.   A provision that Defendants will protect the confidentiality of discrimination, harassment, and retaliation complaints to the extent possible; and

h.   A provision that, promptly upon the conclusion of its investigation of a complaint, Defendants will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

38.   The inclusion of Paragraph 37 in the Decree does not represent EEOC's or the Court's approval of Defendants' policies against sex discrimination, sexual harassment, or retaliation.

## TRAINING

39.   During the term of this Consent Decree, Defendants shall provide annual training for all employees who perform any work at each of the Covered Mines regarding Title VII's prohibition on discrimination based on sex, (including, without limitation, discrimination in

hiring, sexual harassment, and other terms and condition of employment) and retaliation. All managers, human resources professionals, or employees who work for any of the Defendants and who have any responsibility for hiring at any of the Covered Mines (including by having input into or deciding which applicants to interview or hire, interviewing applicants, or making hiring decisions) or for enforcing a Covered Mine's policy against discrimination and retaliation will participate in a separate session for such employees designed to cover their responsibilities under Title VII. All training required by this Paragraph shall be conducted by an outside trainer paid for by Defendants. The first annual training shall take place within sixty (60) days after the Defendants have revised their employment policies as required by Paragraph 37, unless otherwise agreed by the parties.

40.      Defendants shall engage an independent, third party approved by EEOC or engage Ogletree Deakins to provide the training if the parties cannot agree on a third-party trainer.

41.      Defendants shall certify to EEOC, in writing, within fifteen (15) business days after each training session has occurred that the training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

42.      Within fifteen (15) business days after each training session has occurred, Defendants shall provide EEOC with copies of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

43.     In the event that any party to this Decree believes that the another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the alleged non-complying party twenty-one (21) calendar days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied, unless otherwise agreed through counsel. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one (21) calendar days, the complaining party may apply to the Court for appropriate relief.

44.     In resolving any dispute with regard to Defendants' compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

45.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 43, above, remain unresolved, the term of the Decree shall be automatically extended for the sole purpose of resolution of the issues raised in such disputes (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

46.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

21

47.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendants.  Defendants, and any successor(s) of Defendants, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition or merger.  A copy of this Decree shall be provided to any entity that proposes to lease coal currently being mined by any of the Covered Mines prior to the effective date of any such lease.  This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

48.     Defendants agree that before another entity can be hired or contracted as a mine operator for a Covered Mine or can purchase or lease the mine or coal reserves from any of the Defendants, the new operator and/or owner (each a "New Necessary Party") will be required to file with the Court a motion to be added to the Decree as a "Defendant" and agree to the same conditions provided above with respect to Defendants.  A contract for hire or sale between Defendant(s) and a New Necessary Party will not become effective unless and until the Court grants the motion to be added as a New Necessary Party.

49.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

50.     When this Decree requires a certification by Defendants of any fact(s), such certification shall be made under oath or penalty of perjury by the person with most knowledge or shall be provided by counsel for Defendants.

51.     When this Decree requires the submission by Defendants of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Mach Mining Settlement, Equal Employment Opportunity Commission, c/o Legal Unit, 500 West Madison Street, Suite 2000,

Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Defendants, they shall be mailed or e-mailed to: Rashda Buttar, Foresight Energy LP, 1 Metropolitan Square, Suite #2600, St. Louis, MO 63102.

ENTERED AND APPROVED FOR:

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

For Defendants:

President and Chief Executive Officer
Foresight Energy LP

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

John Hendrickson
Regional Attorney
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8099
E-Mail: john.hendrickson@eeoc.gov

Gregory Gochanour
Supervisory Trial Attorney
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8100
E-Mail: gregory.gochanour@eeoc.gov

Ethan Cohen
Ann Henry
Deborah Hamilton
Trial Attorneys

23

ENTER:                              DATE:


_____            _____
The Honorable Judge J. Phil Gilbert        1 | 25 | 17
United States District Judge

## **EXHIBIT A**

### **RELEASE**

In consideration for the payment(s) to be paid to me by Mach Mining LLC, Foresight Energy Services LLC, Foresight Energy LLC, Foresight Energy LP, Foresight Energy Labor LLC, Hillsboro Energy LLC, Macoupin Energy LLC, MaRyan Mining LLC, M-Class Mining LLC, Patton Mining LLC, Sugar Camp Energy LLC, Viking Mine LLC, and Williamson Energy LLC ("Defendants") pursuant to the Consent Decree entered by Judge J. Phil Gilbert on January 25, 2017 in connection with the resolution of *EEOC v. Mach Mining LLC,* No. 11 cv 879 (S.D. Ill.) and *EEOC v. Foresight Energy Services, LLC, et al,* No. 16 cv 1306 (S.D. Ill), I waive my right to recover for any claims of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. §1981a. that I had against Defendants prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Mach Mining LLC,* No. 11 cv 879 (S.D. Ill.) and *EEOC v. Foresight Energy Services, LLC, et al,* No. 16 cv 1306 (S.D. Ill).


_____
Signature


_____
Name [Please Print]


_____
Date

# EXHIBIT B

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Mach Mining LLC*, No. 11 cv 879 (S.D. Ill.) and *EEOC v. Foresight Energy Services, LLC, et al.,* No. 16 cv. 1306 (S.D. Ill), resolving lawsuits filed by the Equal Employment Opportunity Commission ("EEOC") against Mach Mining, Foresight Energy Services, Foresight Energy, Foresight Energy LP, Foresight Energy Labor, Hillsboro Energy, Macoupin Energy, MaRyan Mining, M-Class Mining, Patton Mining, Sugar Camp Energy, Viking Mine, and Williamson Energy ("Defendants").

In its litigation, EEOC alleged that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII) by discriminating against female applicants for coal production positions at Defendants' mines in Illinois. Defendants did not admit any wrongdoing, agreed to entry of the Consent Decree, and the Court did not make any findings on the merits of the lawsuit.

To resolve the case, Defendants and EEOC have entered into a Consent Decree which provides, among other things, that:

1) Defendants will pay monetary relief to eligible claimants;

2) Defendants are enjoined from discriminating on the basis of sex in the hiring, promotion or transfer of any employee and from engaging in harassment based on sex;

3) Defendants will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under Title VII or received any benefit as a result of the litigation or the Decree;

4) Defendants will provide training on Title VII; and

5) Defendants will change their policies and procedures to comply with Title VII including making best efforts to hire qualified women into mining positions.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, religion, age, disability or genetic information. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Mach Mining Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

1/25/17
Date

Hon. Judge J. Phil Gilbert
United States District Court

**EXHIBIT C**

**[Insert Mine Operator or Foresight/Murray Letterhead]**

Dear [Name of staffing agency or staffing agency contact]:

I am writing to inform you that [name of mine operator] recently entered into a Consent Decree in order to resolve a lawsuit filed by the Equal Employment Opportunity Commission. Under the terms of the Consent Decree, [mine operator] will not unlawfully discriminate on the basis of sex in hiring, including for both surface and underground mining positions. [Mine operator] is an equal employment opportunity employer and we expect that staffing agencies and contractors we work with will also comply with the nation's EEO laws. We welcome applications from women, and ask that male and female applicants be treated equally and that female staff be referred to us in the same manner as male staff. You should also know that during the period that the Consent Decree is in effect, EEOC will be provided with information regarding the number of male and female employees that are placed by each staffing agency or contractor that we work with.

We look forward to working with you in the future and anticipate that you will be providing us with a well-qualified and diverse work force.

Sincerely,


[Signature of mine operator's representative]